Ewing, Sp. J.,
delivered the opinion of the court:
At the September term, 1880, an indictment was found *121 against T. D. Cassetty, in thé -criminal court of Davidson ^county. The charge in the indictment was "that T. D. Cassetty, a justice of the peace find magistrate of and for the county of Davidson and state aforesaid, having been duly elected, qualified, and having entered upon the discharge of the duties of said office, and whilst SO' acting as justice of the peace and magistrate aforesaid, on the 20th day of September, 1880, in said county, was then and there openly, publicly, and notoriously drunk, and in such a' state of drunkenness as to incapacitate him for proper and rational discharge of the duties of his office as justice of the peace and magistrate aforesaid, contrary to the statute,” etc.
To this indictment, after a motion to quash had 'been overruled, the defendant pleaded “not guilty.” Thereupon this issue was submitted to a jury, who returned into court a special verdict, which was in these words:
. “That they find that the said T. D. Cassetty was a magistrate of Davidson county on the day named in the indictment, and was drunk, but not discharging the duties of said office on that day, but do find him guilty of common misdemeanor.”
TTpon this finding of the jury the j udge of the' criminal court fined the defendant twenty-five dollars, and ordered that he remain in custody until he paid or secured the fine and costs. The defendant submitted to this judgment, and has taken no appeal from it. Thereupon, however, the attorney-general moved the court “that the defendant be removed by the judgment of the court from his office, and forever thereafter be disqualified from holding office under ■the law and constitution of this state.” The court overruled this motion, and thereupon the attorney-general has appealed to this court.
The indictment was framed under sec. 4818a, of T. & Steger’s Code [Shannon’s Code, sec. 6723], which is as follows:
*122 “If any judicial, ministerial, or executive officer in tbis state, either of state or county', shall be in such a state of drunkenness as to incapacitate him for proper and rational discharge of the duties of his office, the same, shall be declared a misdemeanor in office, and upon conviction, upon indictment or 'presentment, shall be punishable as other misdemeanors in office.”
Sec. 4811 of T. & Sieger’s Code [Shannon’s Code, sec. 6121], provides that if any judicial, ministerial, or executive officer is convicted for a misdemeanor in office, he shall, in addition to other punishment, be removed from his office, and forever thereafter be disqualified from holding office under the laws and constitution of the state.
The question then, is, was the special verdict above a conviction of a misdemeanor in office under sec. 4818a of the Code? In order to such a conviction it was necessary that the defendant should have been found to be in such a state of drunkenness as to incapacitate- him for proper and rational discharge of the duties of Lis office. Was this the finding of the jury, or did they find anything equivalent to it? They find “that he was drunk, and on the day charged; that he was a magistrate, but not discharging the duties of his said office on that day, but do find him guilty of common misdemeanor.” The last part of their verdict would seem to repel the idea that the defendant was guilty of a misdemeanor in office, if there could be any other misdemeanor of -which he might be guilty. The act of 1859— 60, ch. 10, would have justified a conviction under this indictment, perhaps, for a “common misdemeanor.” See case of State v. Smith, 3 Heis., 465.
Whether this be so or not, the verdict, if not good for this, was good for nothing. The finding merely that the defendant was drunk on a particular day, but was not discharging the duties of his office on that day, is not a finding that he was “in such a state of drunkenness as to incapacitate him for proper and rational discharge of the duties of *123 bis office,” and it was not, therefore, a finding that be was guilty of an official misdemeanor wbicb subjected him to tbe penalty of dismissal from bis office and future disqualification. Tbe judge of tbe criminal court was, therefore, right in oyerruling tbe motion of tbe attorney-general. Tbe judgment of that court is affirmed.